WILLIAM F. HECKMAN, SBN 3072
**THE LAW OFFICES OF**
**WILLIAM F. HECKMAN, APC**
212 East Washington Street
Carson City, Nevada 89701
Telephone: (775) 841-5888
Facsimile: (775) 841-4495
wfheckmanlaw@gmail.com

TODD BOLEY, SBN 64119
**LAW OFFICES OF TODD BOLEY**
2381 Mariner Square Dr., Suite 280
Alameda, California 94501
Telephone: (510) 836-4500
Facsimile: (510) 649-5170
boley@boleylaw.com

PETER D. DURNEY, ESQ.
**DURNEY & BRENNAN, LTD.**
6900 South McCarran Blvd. Ste 2060
Reno NV 89509
(775) 322-2923
peter@durneybrennan.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES CURREY, SR., J.C., a minor by and through his guardian ad litem JAMES CURREY; EMERIO RIVERA, AMALIA RIVERA, J.R.R.C., a minor by and through his guardian ad litem DENISE RIVERA; ROBERT PITTS, REBECCA PITTS, and K.B.P. a minor, by and through her guardian ad litem, REBECCA PITTS,<br><br>                    Plaintiffs,<br><br>v.<br><br>CARSON CITY SCHOOL DISTRICT; LEE CONLEY; SUSAN MOULDEN; JAN ALBERTSON; VALENTINA MIDBOE; JENNIFER PALMER; TRAVIS LEE; CARLI BIANCHI and DOES 1-30;<br><br>                    Defendants. | 3:17-cv-00386-WGC<br><br>**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Pursuant to the Stipulation contained herein by and among counsel for Plaintiffs and counsel for Defendants, the Court hereby finds as follows:

PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, or any categories of information not specifically addressed herein, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and designated "confidential" as described herein. The parties further acknowledge, as set forth further below, that this Stipulated Protective Order does not entitle them to file confidential information under seal or otherwise change Federal or Local rules, procedures, and standards to be applied when a party seeks permission from the court to file material under seal.

1. The "Litigation" shall mean the above-captioned case, filed in the United States District Court, District of Nevada Case No. 3:17-cv-00386-HDM-WGC.

2. "Documents" or "Information" shall mean and include any documents or portions thereof, or information extracted therefrom, (whether in hard copy or electronic form), records, correspondence, analyses, assessments, statements (financial or otherwise), responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation. A draft or non-identical copy is a separate document within the meaning of these terms.

3. "Party" (or "Parties") shall mean one party (or all parties) in this Litigation and their in-house and outside counsel. "Producing Party" shall mean any person or entity who

provides, serves, discloses, files, or produces any Documents or Information. "Receiving Party" shall mean any person or entity who receives any such Documents or Information.

4. Any Party may designate any document, object, file, photograph, video, tangible thing, interrogatory answers, answers to requests for admissions, testimony, or other material or copies thereof (collectively, the "Discovery Material") as "Confidential Information" or following a good faith determination that the information so designated is or may reveal confidential, or proprietary matters.

## EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL FOR PROTECTION

5. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Indiscriminate or routinized designations are prohibited.

## MANNER AND TIMING OF DESIGNATIONS

6. CONFIDENTIAL Documents shall be so designated prior to their production by marking or stamping each page of the Document produced to or received from a Party with the legend "CONFIDENTIAL." The application of the legend must be made in a manner so as not to render the documents illegible, illegible after photocopying, or incapable of being subjected to Optical Scanning Recognition. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

7. Testimony taken at a deposition, or in other pretrial or trial proceedings, may be designated as CONFIDENTIAL by any Party making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript and deposition exhibits containing Information designated as CONFIDENTIAL, and to label such portions appropriately. Counsel for the Parties may also designate an entire deposition transcript as CONFIDENTIAL at the time of the deposition. A party's failure to designate testimony confidential at the time of deposition

shall not constitute the party's waiver of its right to correct its failure prior to a date ten business days after the party's receipt of the transcript, in which case all receiving parties shall honor the late designation as it would an inadvertent disclosure pursuant to paragraph 16 below.

8. For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

ACCESS TO AND USE OF PROTECTED MATERIAL

9. CONFIDENTIAL Information shall be maintained in strict confidence by the Parties who receive such information, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person except:

(a) The United States District Court, District of Nevada, or any other court to which this matter may be transferred (the "Court"), so long as the party seeking to file a confidential document under seal complies with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and the Court's electronic filing procedures set forth in Local Rule 10-5(b);

(b) In the event of an appeal, the United States Court of Appeals (the "Appellate Court") and/or the United States Supreme Court (the "Supreme Court"), so long as that document is filed under seal;

(c) The attorneys of record in this Litigation and their co-shareholders, co-directors, partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel");

(d) A Party, or an officer, director, or employee of a Party or of a Party's affiliate, as long as any such person agrees to be bound by the terms and conditions of this Agreement.

(e) Subject to the terms of Paragraph 14 below, experts or consultants and their

staff, retained by the Parties and/or Outside Counsel in this Litigation for the purposes of this Litigation;

(f) Any other person, only if the Receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL Information to said person, who shall be identified by name, address, phone number, and relationship, if any, to the Receiving Party, and the Producing Party has not provided a written objection to the disclosure within ten (10) business days of delivery of the notification. In the event of an objection, no disclosure shall be made pending the resolution of the objection. If the disclosure includes information that is protected by FERPA, the objection can only be resolved by stipulation of the parties or court order which includes a provision allowing CCSD to provide no less than fourteen (14) days' notice to the parents of the children that may be implicated in any disclosure. Before any person may receive Documents or Information pursuant to this subparagraph, he or she must comply with the requirements of Paragraph 13 below.

(g) Any person identified on the document itself as having created, sent, received, or otherwise already viewed, the document.

(h) Any person testifying at deposition in this matter, subject to the paragraph 9 below.

10. If a witness is providing or is provided CONFIDENTIAL Information during a deposition, counsel for the Producing Party may request that all persons other than the witness and persons entitled by this Order to have access to the CONFIDENTIAL Information leave the deposition room during that portion of the deposition other than the court reporter. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question, or for the Producing Party to demand that CONFIDENTIAL Information not be provided to the witness, pending resolution of the issue.

CHALLENGING CONFIDENTIALITY DESIGNATIONS

11.1 a) Any Party or Non-Party may challenge a designation of confidentiality at any time.

b) Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

11.2 a) The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.

b) To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.

c) The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.

d) In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

e) Neither Party may proceed to the next stage of the challenge process unless it has engaged in this meet and confer process first or establishes that the other Party is unwilling to participate in the meet and confer process in a timely manner.

f) If, at the conclusion of the meet and confer process the dispute has not been resolved, or if after 14 days from the date of the notice of challenge, Challenging Party alleges that it has been established that Designating party has is unwilling to participate in the meet and confer process in a timely manner, Challenging Party shall provide Designating Party with written notice that they have 14 days to file a motion to establish confidentiality pursuant to paragraph 11.3, otherwise the confidential designation is automatically waived.

g) If after 14 days has passed Designating Party has not filed a motion pursuant to paragraph 11.3, all parties shall consider the confidential designation waived for each disputed document.

11.3 a) If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to establish confidentiality within 14 days of receiving notice from Challenging Party of their deadline to do so. Any oppositions and replies are to be filed and served in compliance with Local Rules 7-2 and 7-3.

b) Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

c) The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

d) Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

e) Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## INADVERTENT FAILURE TO DESIGNATE

12. The inadvertent production of any Information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such Information. If a Producing Party, through inadvertence, produces any CONFIDENTIAL Information without marking or designating it as such in accordance with the provisions of this Order, including deposition testimony, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary Information) that such Information is deemed CONFIDENTIAL and should

6
PROTECTIVE ORDER                                    Case No. 3:17-cv-00386-HDM-WGC

be treated as such in accordance with the provisions of this Order. Each receiving person must treat such Information as CONFIDENTIAL in accordance with the notice from the date such notice is received. Disclosure of such CONFIDENTIAL Information prior to the receipt of such notice shall not be deemed a violation of this Confidentiality Agreement. A Receiving Party who has disclosed such CONFIDENTIAL Information prior to the receipt of such notice shall take steps to cure such disclosure by requesting return of the original document and substituting it with the properly marked one.

## NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

13. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

14. A copy of this Order shall be shown to each attorney acting as counsel for a Party and to each person to whom CONFIDENTIAL Information will be disclosed.

15. Nothing in this Order shall be construed as an admission or agreement that any specific Information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding.

16. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

17. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

18. The Parties shall comply with the requirements of Local Rule 10-5(b), and the

Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), with respect to any documents filed under seal in this matter.

19. This Order shall not be construed to prevent any Party from making use of or disclosing Information that was lawfully obtained by a Party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own CONFIDENTIAL Information as it deems appropriate.

20. If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL Information that has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure. The Party required to disclose any CONFIDENTIAL Information shall use reasonable efforts to maintain the confidentiality of such CONFIDENTIAL Information and shall cooperate with the Party that originally produced the Information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the Information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

21. Upon termination of this Litigation, either by settlement or other action, any Party and its counsel that obtained CONFIDENTIAL Information through discovery shall, upon request, return all such CONFIDENTIAL Information to the Producing Party or certify as to its destruction. Counsel may retain CONFIDENTIAL Information solely for archival purposes. The restrictions of this Protective Order shall apply to Counsel for as long as they hold such archival Documents.

22. The obligation to treat all Information designated as CONFIDENTIAL in accordance with the terms of this Order and not to disclose such CONFIDENTIAL Information shall survive any settlement or other termination of this Litigation.

23. The inadvertent production of any Information during discovery in this action shall be without prejudice to any claim that such Information is subject to the attorney-client privilege or is protected from discovery as attorney work product. No Party shall be held to have waived

any rights by such inadvertent production. Upon notification of inadvertent production, the receiving Party shall not use or divulge the contents of such Information unless subsequently agreed to by the Producing Party or permitted by the Court. Any such inadvertently produced Information shall be returned by the Receiving Party within three business days of any written request therefore. The Receiving Party retains the right to challenge the Information as not privileged or otherwise protected and discoverable.

24. The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

**IT IS SO STIPULATED.**

Date: _____ THE LAW OFFICES OF WILLIAM F. HECKMAN, APC

By: _/s/ William F. Heckman_
WILLIAM F. HECKMAN
Attorneys for Plaintiffs

Date: _____ DURNEY & BRENNAN, LTD.

By: _/s/ Peter D. Durney_
PETER D. DURNEY
Attorneys for Plaintiffs

Date: _____ LAW OFFICES OF TODD BOLEY

By: _____
TODD A. BOLEY
Attorneys for Plaintiffs

any rights by such inadvertent production. Upon notification of inadvertent production, the receiving Party shall not use or divulge the contents of such Information unless subsequently agreed to by the Producing Party or permitted by the Court. Any such inadvertently produced Information shall be returned by the Receiving Party within three business days of any written request therefore. The Receiving Party retains the right to challenge the Information as not privileged or otherwise protected and discoverable.

24. The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

IT IS SO STIPULATED.

Date:                    THE LAW OFFICES OF WILLIAM F. HECKMAN, APC

By: _____
WILLIAM F. HECKMAN
Attorneys for Plaintiffs

Date:                    DURNEY & BRENNAN, LTD.

By: _____
PETER D. DURNEY
Attorneys for Plaintiffs

Date:                    LAW OFFICES OF TODD BOLEY

By: _____
TODD A. BOLEY
Attorneys for Plaintiffs

Date: 11-6-17    ERICKSON, THORPE & SWAINSTON, LTD.

By: *Ann M. Alexander*
ANN M. ALEXANDER
Attorney for Defendants

**ORDER**

The parties are reminded that all future documents must bear the correct case number **3:17-cv-00386-WGC**.

**IT IS SO ORDERED.**

DATED: November 8, 2017.

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE