**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES CURREY, SR., J.C., a minor by and through his guardian ad litem JAMES CURREY, *et al.*,<br><br>       Plaintiffs,<br><br>       vs.<br><br>CARSON CITY SCHOOL DISTRICT, *et al.*,<br><br>       Defendants. | 3:17-cv-00386-WGC<br><br>**ORDER**<br><br>Re: ECF No. 26 |

Before the court is Plaintiffs' Motion to Compel (ECF No. 26). Defendants' opposed (ECF No. 28) and Plaintiffs' replied (ECF No. 31). The issue presented by Plaintiffs' motion pertained to Defendants' assertion of what is called the "qualified privilege for official information" which if recognized would allow the Defendants to withhold production of certain documents which Defendants claim are confidential or private, i.e., mainly documents comprising the individual Defendants' personnel files maintained by Defendant Carson City School District (CCSD). The court ruled on Plaintiffs' motion at a hearing held on April 3, 2018, the outcome of which is set forth in this court's Minutes of Proceedings (ECF No. 33). The intent of this order is to delineate the protocol a party asserting the qualified privilege for office information must follow in general civil litigation cases.

///

///

///

**DISCUSSION**

Federal common law recognizes a qualified privilege for official information. *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975); aff'd, 426 U.S. 394 (1976). *Kelly v. City of San Jose*, 114 F.R.D. 653, 668 (N.D. Cal. 1987); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991). Questions of privilege arising in an action predicated upon primarily issues of federal law, as in the instant matter, are resolved by federal law. *Kerr*, *supra*, 511 F.2d at 197, citing *Heathman v. U.S. Dist. Ct.*, 503 F.2d 1032, 1034 (9th Cir. 1974). While federal courts should not ignore state law or rights recognized by state government (and should take into account the views of state authorities on the importance of privacy rights), nevertheless state privilege doctrine is not binding on federal courts in actions arising under federal law. *Kelly, supra*, 114 F.R.D. 1114, 1115 (9th Cir. 1976).

Personnel files fall under the gambit of official information. *Sanchez* at 1033, citing *Zaustinsky v. University of Cal*, 96 F.R.D. 622, 625 (N.D. Cal. 1983), aff'd , 782 F.2d 1055 (9th Cir. 1985). The qualified privilege doctrine has been recognized in decisions from the District of Nevada: *Smith v. Casey*, No. 2:06-cv-01188-BES-GWF, 2008 WL 2570855 (D. Nev. 2008); *Boar Inc. v. County of Nye*, No. 2:08-cv-01091-PMP-RJJ, 2010 WL 5070888 (D. Nev. 2010); *Carrillo v. Las Vegas Metropolitan Police Department (LVMPD)*, No. 2:10-cv-02122,-KJD-GWF, 2013 WL 592893 (D. Nev. 2013). The undersigned has authored several decisions which recognized this privilege. Those orders, however, arose in the context of § 1983 prison conditions of confinement cases. *Manley v. Zimmer*, No. 3:11-cv-000636-RCJ-WGC, 2013 WL 5592328 (D. Nev. 2013), and *Cross v. Jaeger*, No. 3:13-cv-00433-MMD-WGC (D. Nev. 2015). While certain of the protocols which the court concluded should be followed with respect to the assertion of the qualified information privilege in § 1983 cases, and while those decisions are instructive, the procedures and analysis to be undertaken in a general federal civil litigation matter differ somewhat, which the court will now address.

/ / /

/ / /

/ / /

/ / /

When a party withholds information which is otherwise discoverable by claiming it is privileged in some fashion, "the party must (i) expressly make the claim; and (ii) describe the nature of the documents, communications or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to address the claim." Fed. R. Civ. P. 26(b)(5)(A). Typically, the description of withheld documents required by Rule 26(b)(5)(A) is satisfied by the contemporaneous production of a privilege log. *Kelly, supra*, 114 F.R.D. at 669. *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 410 (C.D. Cal. 2005). In this instance, Defendants' counsel timely invoked the qualified privilege for official information by serving a privilege log which identified (by general description) the documents which were being withheld by the CCSD under this doctrine. (ECF No. 28-2 at 2-8.)

The decisions on the official information privilege also hold, however, that the party asserting the privilege must submit a declaration or affidavit from the head of the governmental department which has control over the information. This declaration affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interest, and (5) a projection of how much harm would be done to the threatened interests if the disclosure were made. *Carrillo, supra*, 2013 WL 592893, *3-4; *Boar, supra*, 2010 WL 5070888, *2-3; *Kelly, supra*, 114 F.R.D. at 656.

The purpose of the declaration (or affidavit) is to enable the court "to make a reasonable assessment to the weight of the interests against and in favor of disclosure." *Miller v. Panucci*, 141 F.R.D. 292 (C.D. 1992). The *Miller* court explained the necessity of the declaration as follows:

> "The [declaration] procedure is essential since the Court is ill-equipped
> to make an intelligent decisions as to the discoverability during an
> *in camera* inspection when it has insufficient information from the

3

1    resisting party as to why disclosure should not be permitted."

2  *Miller, supra*, 141 F.R.D. at 300.

3      There is no dispute among the authorities that such an affidavit or declaration must be submitted

4  by the party asserting the privilege.  The question unresolved, at least by the cases discussing this

5  privilege by the District of Nevada, is *when* the declaration or affidavit is to be provided.

6      In the district courts of the District of California, the declaration is to be served

7  contemporaneously with the assertion of a party's objections.  In *Ramirez*, the court restated the rulings

8  in *Miller* and *Kelly* that the declaration must be provided "at the time it [ ] serves its response to the

9  discovery request."  *Ramirez*, 231 F.R.D. at 410; *Miller*, 141 F.R.D. at 300; *Kelly*, 114 F.R.D. at 669.

10 The failure in those jurisdictions to contemporaneously serve the declaration with the discovery

11 objection is fatal to the assertion of the official information privilege: "should the threshold requirements

12 not appear in the papers, the privilege assertion will be overruled in its entirety and complete disclosure

13 will be ordered."  *Miller*, 141 F.R.D. at 301; *Ramirez*, 231 F.R.D. at 411.

14      On the other hand, the cases in the District of Nevada on the qualified privilege for official

15 information doctrine which the undersigned has been able to review do not seem to have necessarily

16 imposed this requirement, i.e., that the declaration or affidavit regarding the confidential nature of the

17 records must be served along with the responding party's objections and privilege log. The first District

18 of Nevada case on this subject was *Smith v. Casey*.  While recognizing the qualified information

19 privilege  as enunciated in *Kelly* (*Smith*, supra, 2008 WL 2570855, *3-4), the *Smith* decision did not

20 similarly embrace the privilege log and declaration requirements.  Nevertheless, the court undertook a

21 balancing test relating to plaintiff's discovery requests from the standpoint of consideration of the

22 defendants' multiple motions for protective orders in conjunction with extensive *in camera* review of

23 the contested documents. *Smith, supra*, *1, 7-9.

24      The court in *Boar Inc.*, concluded the declaration is essential (citing *Kerr, Miller*, and *Kelly*;

25 2010 WL 5070888, *2).  But the defendants in *Boar Inc.*, never submitted a declaration either

26 simultaneously with their objections or with their court filings.  The court "overlooked this deficiency,"

27 and "in the interests of justice and judicial economy, proceeded to examine the merits of their

28 arguments."  (*Id.*)  (The court concluded after its analysis of the lack of relevancy of the rejected

documents that defendants' motion for protective order should be granted.  *Id.* at *5-6.)

The last case arising in the District of Nevada which the court (and parties) reviewed was *Carrillo v. Las Vegas Metropolitan Police Department (LVMPD), supra*.  *Carrillo* involved a dispute among the parties as to whether LVMPD should have to produce its office of Internal Affairs Investigative Report (IA). The court cited the *Boar, Kerr, Miller* and *Kelly* language discussed above that to enable the court to weigh the potential benefits and disadvantages of disclosure, "the party asserting the privilege is required to submit a declaration or affidavit under oath and penalty of perjury from the head of the department which has control over the information."  *Carrillo, supra*, 2013 WL 592893, *2.

No declaration or affidavit was submitted by LVMPD, and as such, the court stated LVMPD's "assertion of the official information privilege therefore fails on this procedural requirement alone." *Id.* at *3.[1]  The court, however, did not reject the privilege strictly on the procedural ground alone and discussed whether substantively the IA documents were properly the subject of assertion of the official information qualified privilege.  In any event, the court concluded that LVMPD "has not met its burden, procedurally or substantively, to show that the Internal Affairs report should be protected from disclosure pursuant to the official information privilege."  *Id.* at *4.

While the District of Nevada authorities are uniform in requiring the file supervisor's declaration or affidavit, the failure to have submitted it with the party's objections - or even with the party's opposition memorandum - does not appear to have been necessarily fatal to the assertion of the privilege. The undersigned concludes that the better practice, and one which this court embraces, is that henceforth (barring unforseen and excusable circumstances), the declaration or affidavit should be submitted contemporaneously with the party's discovery responses/objections and privilege log.  This protocol is consistent with that utilized by the courts of the District of California.  This procedure will also allow the party seeking discovery to evaluate early in the process the grounds of confidentiality asserted by the governmental entity, instead of not finding out the basis of confidentiality until a party submits a

[1] The *Carrillo* opinion is unclear whether the defendants failed to submit the declaration with its objections to plaintiff's discovery, along with its opposition to plaintiff's motion to compel, or both.  It appears that no declaration of the records supervisor was ever submitted.

memorandum of points and authorities in opposition of a motion to compel, as occurred herein. (ECF No. 28, 28-3.)

**IT IS SO ORDERED.**

DATED:  April 5, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE